Filed 6/24/21  P. v. Bobo CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B305298 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A365859) |
| v. | |
| ALVIN BOBO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Lori Nakaoka, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Alvin Bobo and a codefendant, Derrick Elliott Gray, were each convicted in 1982—after separate trials—of murder, burglary, and robbery for the events that led to the February 1981 death of George Latronis.

On January 9, 2019, Bobo filed a petition under Penal Code section 1170.95 for resentencing, alleging that he could not be convicted of first or second degree murder because of changes to Penal Code sections 188 and 189 that became effective on January 1, 2019.[1]  The trial court denied that petition on the merits on February 4, 2019.  Bobo did not appeal from the denial of that petition.

On February 10, 2020, Bobo filed a second section 1170.95 petition for resentencing, making the same allegations as in his January 2019 petition.  On February 11, 2020, the trial court denied the second petition.

Bobo filed a notice of appeal from the second petition.  The arguments Bobo presents here are foreclosed by our opinion in _People v. Galvan_ (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (_Galvan_).  We will affirm the trial court's order.

## BACKGROUND

Bobo and Gray broke into Latronis's home on February 5, 1981.  When Latronis's son and wife returned home that evening, "both the garage and kitchen windows were broken and numerous items of property were missing. . . .  George Latronis had been bound and gagged and had died as a result of

_____

[1] Further statutory references are to the Penal Code.

strangulation or suffocation." (*People v. Bobo* (Oct. 4, 1983, 2 Crim. No. 42179) [nonpub. opn.] p. 3.)

After separate trials, juries found both Bobo and Gray guilty of first degree murder, burglary, and robbery. "Each jury found that the murder was committed during the course of the robbery and burglary. The trial court denied defendant's motions to strike the special circumstances findings." (*People v. Bobo*, *supra*, 2 Crim. No. 42179, at p. 2.) The trial court sentenced Bobo to life without the possibility of parole on the first degree murder count and to the upper terms on the burglary and robbery counts, but stayed the sentences on the burglary and robbery counts pending service of the sentence for murder. (*Ibid.*)

We affirmed Bobo's conviction in an unpublished opinion filed on October 4, 1983. (*People v. Bobo*, *supra*, 2 Crim. No. 42179, at p. 19.)

In 2018, the Legislature enacted Senate Bill No. 1437, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder . . . ." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 became effective on January 1, 2019. Among other changes to the Penal Code, the legislation added section 1170.95, which created the procedure by which a defendant could petition a trial court for relief under the provisions of the new legislation. (Stats. 2018, ch. 1015, § 4.)

On January 9, 2019, Bobo filed a petition for resentencing under section 1170.95. On February 4, 2019, the trial court denied Bobo's petition. The trial court's February 4, 2019 minute order says that "[t]he appellate decision affirming petitioner's conviction and sentence . . . reflects that petitioner was a direct aider and abettor in the murder of the victim and, at the very

3

least, petitioner was a major participant in the robbery murder and burglary murder of the victim and acted with reckless indifference to human life." Bobo did not appeal from the trial court's denial of his 2019 section 1170.95 petition.

On May 17, 2019, Bobo filed a section 1170.95 petition in this court. We considered Bobo's petition as a petition for writ of mandate, and summarily denied it on May 29, 2019. (*Bobo v. Superior Court* (May 29, 2019, B297660) [order denying petition for writ of mandate].) On October 31, 2019, Bobo filed a petition for writ of habeas corpus in this court arguing that he was entitled to relief under *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. We summarily denied the habeas petition on November 6, 2019. (*In re Alvin Bobo* (Nov. 6, 2019, B301889) [order denying petition for writ of habeas corpus].)

On February 10, 2020, Bobo filed a second petition in the trial court under section 1170.95. The trial court denied the petition on February 11, 2020. The trial court's minute order states: "Petitioner's previous Penal Code section 1170.95 petition was denied on February 4, 2019. The Court of Appeal rejected petitioner's petition for writ of mandate on May 17, 2019. Petitioner now raises the same issues raised and rejected before. Petitioner remains ineligible for relief. [¶] Petition denied."

Bobo filed a timely notice of appeal from the trial court's order denying his second section 1170.95 petition for resentencing.

## DISCUSSION

As in *Galvan,* "[t]he outcome of this case depends on the operation of section 1170.95, the statute the Legislature enacted to provide a procedure for defendants who were previously

4

convicted of murder, but who could no longer be convicted because of the changes to the law enacted by Senate Bill No. 1437, to petition to vacate their convictions and be resentenced.

"The statute requires a defendant to submit a petition affirming that he meets three criteria of eligibility: (1) He was charged with murder in a manner 'that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine' (§ 1170.95, subd. (a)(1)); (2) He 'was convicted of' or pleaded guilty to 'first degree or second degree murder' (§ 1170.95, subd. (a)(2)); and (3) He 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as a part of Senate Bill No. 1437 (§ 1170.95, subd. (a)(3)). . . . [T]hose changes eliminated the natural and probable consequences doctrine as a basis for murder liability, and added a requirement for felony murder that a defendant must have been at least a major participant in the underlying felony and have acted with reckless indifference to human life.

"Upon receipt of a petition, the trial court reviews it to determine whether the petitioner has made a prima facie case for relief. (§ 1170.95, subd. (c).) If the petitioner meets this requirement, the court issues an order to show cause and holds a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d)(1).) At this final stage of the proceeding, the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)" (*Galvan, supra*, 52 Cal.App.5th at pp. 1139-1140.)

Similar to *Galvan*, "[i]n this case, the trial court denied [the] petition at the first stage of prima facie review under section 1170.95, subdivision (c). A denial at that stage is appropriate

5

only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1140, fn. omitted.)

Bobo first contends that—contrary to our opinion in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598—the trial court was not permitted to deny his petition at the first stage of prima facie review based on a record of conviction that demonstrated that he was ineligible for relief as a matter of law. Rather, Bobo argues that the trial court was required to appoint counsel and "giv[e] appellant the opportunity to develop the record and to be heard."

Bobo's argument contends that *Lewis* was incorrectly decided and that we should adopt the opposite approach. We acknowledge the split in authority, but we have no reason at this juncture to revisit our opinion in *Lewis*, and decline Bobo's invitation to do so.

Bobo's remaining argument is a challenge to the jury's special circumstance findings based on the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.

In *Galvan*, we concluded that section 1170.95 is not the proper vehicle for a challenge to the sufficiency of the evidence to support a jury's special circumstance findings under *Banks* and *Clark*. We "analyze[d] the issue by turning to the language of section 1170.95 itself: In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437.

6

(§ 1170.95, subd. (a)(3).)" (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142.)

In that case, we explained that "[a]lthough Galvan [was] asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life. If Galvan is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142.)

The People also argue that Bobo is entitled to reversal on the merits under section 1170.95, but the People's theory for reversal is wholly distinct from Bobo's. The People argue here that changes in the law since Bobo's 1982 conviction and our 1983 opinion affirming the conviction render the record of conviction insufficient to support the trial court's denial of Bobo's 1170.95 petition.[2]

The People argue that Bobo was convicted under a version of section 190.2 that "did not explicitly state that [certain] defendants must have had the intent to kill." In 1983, the People

_____

[2] The People primarily contend that the trial court properly denied Bobo's second section 1170.95 petition because it was a successive petition barred by collateral estoppel. Based on our conclusion that our opinion in *Galvan* forecloses Bobo's petition, we do not reach the People's collateral estoppel argument.

7

argue, the California Supreme Court interpreted that statute as requiring an intent to kill. (See *Carlos v. Superior Court* (1983) 35 Cal.3d 131, 140-141, overruled by *People v. Anderson* (1987) 43 Cal.3d 1104, 1147.) Because Bobo's conviction was pre-*Carlos*, the People argue, his conviction does not necessarily mean the jury found an intent to kill, "and thus does not preclude section 1170.95 relief as a matter of law."

The People's argument, however, demonstrates its own contradiction with *Galvan*.

The People's concession is that Bobo may be entitled to relief under section 1170.95 because a California Supreme Court case from the 1980s changed a required element of proof for felony murder. Although Bobo did not make that argument and does not appear in his reply brief to endorse it, we see no difference between a challenge to the special circumstance finding based on *Carlos* and a challenge to the special circumstance finding based on *Banks* and *Clark*. The relief under the People's theory would be based not on or because of a change to section 188 or 189 the Legislature made as part of Senate Bill No. 1437, but rather because of a Supreme Court opinion that predated Senate Bill No. 1437 by decades.

In *Galvan*, we declined to "expand [section 1170.95] beyond its plain language." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1144.) We see no meaningful distinction between *Galvan* and Bobo's case. The appropriate remedy for Bobo is a petition for writ of habeas corpus in the trial court challenging his special circumstance findings.[3]

---

[3] Our summary denial of Bobo's petition for writ of habeas corpus should present no obstacle to that remedy "because a summary denial of a habeas petition does not establish law of the

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

FEDERMAN, J.*

---

case or have a res judicata effect in future proceedings." (*Galvan, supra,* 52 Cal.App.5th at p. 1143.)

    * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.